THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARLON L. SNOWDEN,

                        Plaintiff,

        v.

EVAN J. HUDEN, *et al.*,

                        Defendant.

CASE NO. C22-0875-JCC

ORDER

This matter comes before the Court on 28 U.S.C. § 1915(e)(2) pre-service review of Plaintiff Karlon Snowden's complaint (Dkt. No. 3) and Plaintiff's motion to appoint counsel (Dkt. No. 4). Having thoroughly considered the record, and for the reasons described below, the Court DISMISSES Plaintiff's complaint without prejudice and DENIES as moot the motion to appoint counsel.

I.      BACKGROUND

        On June 22, 2022, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 2.) The complaint alleges that Defendants, the property managers of his apartment complex, discriminated against Plaintiff based on his disability status by intentionally failing to give him notice before towing his car. (*See generally* Dkt. No. 3.) In particular, he alleges that residents who are non-disabled residents receive such notice. (*Id.* at 25.) Plaintiff further alleges that, by denying his request for

reimbursement of the tow charges and failing to modify their parking policy, Defendants failed

to provide him reasonable accommodations. (*Id.*)

### A.   Legal Standard

The Court must dismiss an *in forma pauperis* complaint before service if it: (1) is

frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks

monetary relief from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint fails to state a claim for relief if it contains insufficient factual matter, accepted as

true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664

(2009). The factual allegations in the complaint must be "enough to raise a right to relief above

the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is also

proper if the complaint lacks a cognizable legal theory or states insufficient facts to support one.

*Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

In general, *pro se* complaints are read liberally. *See Erickson v. Pardus*, 551 U.S. 89, 93

(2007). Still, § 1915(e) "not only permits but requires" dismissal of an *in forma pauperis*

complaint that fails to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000). If the

court dismisses the complaint, it should give leave to amend unless "it is absolutely clear" that

amendment would not cure the pleading deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106

(9th Cir. 1995).

A claim under the Fair Housing Amendments Act (FHAA), 42 U.S.C. § 3601 *et seq.*

(1988), can be based on intentional discrimination ("disparate treatment"), unintentional

discrimination ("disparate impact"), or a failure to reasonably accommodate. *See Giebeler v. M*

*& B Assocs.,* 343 F.3d 1143, 1146 (9th Cir. 2003); *Texas Dep't of Hous. & Cmty. Affs. v.*

*Inclusive Cmtys. Project, Inc.,* 576 U.S. 519, 525 (2015). A plaintiff must establish that a

defendant had a discriminatory intent or motive in a disparate treatment claim. *Inclusive Cmtys.*

*Project, Inc.,* 576 U.S. at 524 (citation omitted). In a failure-to-accommodate claim, a plaintiff

must allege (1) they suffer from a disability; (2) defendant knew or should have known of it; (3)

1    accommodation of the handicap may be necessary to afford plaintiff an equal opportunity to use
2    and enjoy the dwelling; and (4) defendant refused to make such an accommodation. *Giebeler,*
3    343 F.3d at 1147 (citation omitted).

4    ### B.    Analysis

5         Even read liberally, Plaintiff's complaint fails to state a claim upon which relief can be
6    granted. First, it lacks sufficient factual allegations to plausibly suggest that Defendants had a
7    discriminatory intent or motive or that their conduct created a disparate impact. (*See generally*
8    Dkt. No. 3.) Plaintiff merely asserts that non-disabled residents are given notice he was not
9    afforded, (*id.* at 25), yet he identifies no similarly situated persons without a disability that
10   received such treatment; if anything, his allegations suggest that, Defendants were evenhandedly
11   unfair to residents *regardless* of their disability status. (*See id.* at 5 ("I and other tenants would
12   witness every morning 2 to 4 tow trucks hovering and parked outside our residence . . . ready to
13   tow our vehicles. These incidents aren't happening by accident, they are happening by design."),
14   13–21 (Google reviews complaining about rude building staff and unfair practices regarding
15   parking).)

16        Second, Plaintiff's reasonable accommodation claim fails for lack of causation: Though
17   he alleges that he has a disability, and that Defendants knew this, (*id.* at 24–27), he fails to allege
18   that, but for an accommodation regarding Defendant's parking registration policy, Plaintiff will
19   likely be denied an equal opportunity to enjoy the housing of his choice. *Giebeler,* 343 F.3d at
20   1155. Again, even reading the complaint in the light most favorable to Plaintiff, his assertion that
21   other residents had similarly poor experiences with parking on the property, (Dkt. No. 3 at 13–
22   21), means that any failure to accommodate him was not causally connected to any denial of his
23   ability to enjoy the housing of his choice. Likewise Plaintiff has not alleged how (or even that)
24   an accommodation was necessary in the first place.

25   ## II.    CONCLUSION

26        For the foregoing reasons, Plaintiff's complaint (Dkt. No. 3) is DISMISSED without

1    prejudice and his motion to appoint counsel (Dkt. No. 4) is DENIED as moot.

2         DATED this 7th day of July 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE